## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 05 2018, 9:29 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lisa M. Johnson
Brownsburg, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Matthew Michaloski
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Daniel T. Harrison, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff* | December 5, 2018 <br><br> Court of Appeals Case No. 18A-CR-1840 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Jeffrey L. Marchal, Magistrate <br><br> Trial Court Cause No. 49G06-1711-F5-43431 |

**Baker, Judge.**

[1] Daniel T. Harrison appeals his conviction for Level 5 Felony Battery Resulting in Bodily Injury on a Pregnant Woman,[1] arguing that the evidence is insufficient. Finding the evidence sufficient, we affirm. We also remand so that the trial court may formally vacate two convictions that were merged into the Level 5 felony conviction.

## Facts

[2] In November 2017, Harrison lived with LaRhonda Roberts, his pregnant girlfriend. On November 6, 2017, Harrison became angry with Roberts because she had had contact with another man. He was at home with two friends when Roberts arrived home from work. After she arrived home, she picked up her baby, whom Harrison had been watching. Harrison began questioning Roberts angrily; then, while she was holding the baby, he "forcefully grab[bed] her throat," and made a "forceful push." Tr. Vol. II p. 58. Roberts denied Harrison's accusations about the other man, at which point Harrison "grab[bed] her with his right hand and yank[ed] her off the couch by her hair and punch[ed] her with his left hand" as Roberts begged him to stop. *Id.* at 29-30. One of Harrison's friends pleaded with him to stop because of the unborn child; Harrison responded, "I don't give a f*ck about the baby." *Id.* at 63. He choked Roberts repeatedly and dragged her across the floor. At one point, he went to the kitchen and retrieved a knife, proceeding to throw the knife at Roberts and

---

[1] Ind. Code § 35-42-2-1.

telling her to stab him with it. *Id.* at 65-66. Roberts was in good condition when she first arrived at the house, but "[a]fter the fight, her hair was all over her head, her face was red, [and] her eyes were red." *Id.* at 48.

[3] Harrison's friends both called the police to report the altercation. Police officers responded and arrested Harrison. One of the officers observed that Roberts had "darkened circles around her eyes, and she also had petechiae in both of the eyes as well." *Id.* at 102. This officer had the training and experience to know that petechiae are dark spots in the eyes "where blood vessels have been popped." *Id.* at 103. Roberts told the arresting officer that she was afraid of Harrison and did not want to speak to the officer about the incident because she was worried it would jeopardize her subsidized housing.

[4] On November 8, 2017, the State charged Harrison with Level 5 felony battery resulting in bodily injury to a pregnant woman; Level 5 felony strangulation; Level 6 felony criminal confinement; two counts of Level 6 felony domestic battery; and Class A misdemeanor intimidation. Harrison waived his right to a jury trial; his bench trial took place on May 2, 2018. Roberts, the two friends who were present during the altercation, the arresting officer, and a police detective testified at trial. Roberts denied that the altercation had included any physical violence. The two witnesses, however, described the altercation as set forth above and the arresting officer testified as to the petechiae in Roberts's eyes at the time of Harrison's arrest.

The trial court found Harrison guilty of Level 5 felony battery resulting in bodily injury to a pregnant woman, Level 6 felony domestic battery, and Class A misdemeanor domestic battery, merging the latter two offenses into the first and sentencing him only on the Level 5 felony.[2] The trial court found Harrison not guilty of the remaining charges. On July 12, 2018, the trial court sentenced Harrison to four years, with two years suspended to probation. Harrison now appeals.

## Discussion and Decision

Harrison's sole argument on appeal is that the evidence is insufficient to support his conviction. When reviewing the sufficiency of the evidence to support a conviction, we must consider only the probative evidence and reasonable inferences supporting the conviction and will neither assess witness credibility nor reweigh the evidence. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We will affirm unless no reasonable factfinder could find the elements of the crime proved beyond a reasonable doubt. *Id.*

To convict Harrison of Level 5 felony battery causing bodily injury to a pregnant woman, the State was required to prove beyond a reasonable doubt that Harrison knowingly or intentionally touched Roberts, knowing that she was pregnant, in a rude, insolent, or angry manner, causing bodily injury. I.C.

---

[2] As we explain below, the two Level 6 felony convictions should have been vacated rather than merged.

§ 35-42-2-1(g)(3). Harrison argues that the evidence does not support a conclusion that his actions caused Roberts to sustain bodily injury.

[8] We disagree. The other witnesses to the altercation testified that Harrison choked, dragged, and punched Roberts. Tr. Vol. II p. 29-30, 58. Moreover, there was testimony that Roberts looked fine when she first arrived at the house but that after the altercation, among other things, her eyes were red. *Id.* at 48, 84. The arresting officer observed that Roberts had petechiae in her eyes, which the officer knew to be a sign of popped blood vessels. A reasonable factfinder could conclude from this evidence that Harrison's actions caused Roberts to sustain bodily injury—i.e., petechiae. Harrison argues that the petechiae could have resulted from other causes, such as vomiting, but this amounts to a request that we reweigh the evidence, which we may not do. Because a reasonable factfinder could conclude that Harrison touched Roberts in a rude, insolent, or angry manner, causing bodily injury, the evidence is sufficient to support the conviction.

[9] We also note sua sponte that, in addition to the Level 5 felony, the trial court found Harrison guilty of two counts of Level 6 felony battery. Based on double jeopardy concerns, the trial court sentenced Harrison only on the Level 5 felony. The trial court did, however, enter an oral judgment of guilty on the two Level 6 felonies, tr. vol. II p. 124, and those convictions are reflected in the Chronological Case Summary. Appellant's App. Vol. II p. 9. Both the abstract of judgment and sentencing order note that the Level 6 felony convictions were "merged" with the Level 5 felony conviction. *Id.* at 12, 14. It is well

established, however, that "[a] trial court's act of merging, without also vacating the conviction, is not sufficient to cure a double jeopardy violation." *Stickrod v. State*, 108 N.E.3d 385, 392 (Ind. Ct. App. 2018), *trans. denied*. Therefore, we remand so that the trial court may formally vacate Harrison's two convictions for Level 6 felony battery.

[10] The judgment of the trial court is affirmed and remanded with instructions.

May, J., and Tavitas, J., concur.